**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WENDY CAROLINA TECUN-JIMENEZ, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 22-242 <br><br> Agency No. A200-241-438 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2026**
Portland, Oregon

Before: GRABER, CLIFTON, and SUNG, Circuit Judges.

Petitioner Wendy Caroline Tecun-Jimenez, a native and citizen of El

Salvador, timely seeks review of a dismissal by the Board of Immigration Appeals

("BIA") of her appeal of a decision by an immigration judge ("IJ") denying

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." Rodriguez v. Holder, 683 F.3d 1164, 1169 (9th Cir. 2012) (citation modified). Reviewing for substantial evidence the agency's findings and reviewing de novo legal questions, Colin-Villavicencio v. Garland, 108 F.4th 1103, 1109 (9th Cir. 2024), we deny the petition.

1. The BIA applied the correct legal standard for assessing persecution when considering the evidence of harm to Petitioner when she was a child. The BIA aptly cited Zhang v. Gonzales, 408 F.3d 1239, 1247 (9th Cir. 2005), and expressly was "cognizant that special consideration should be taken into account when assessing whether harm suffered by a child constitutes persecution."

2. Substantial evidence supports the BIA's determination that the harm caused by Petitioner's father did not rise to the level of persecution. Petitioner's father drank daily and sometimes hit Petitioner and her mother, but the record contains little evidence of the extent of physical harm, the frequency of assault, or the intensity of assault. The record does not "compel [the] conclusion" that the abuse by Petitioner's father constituted persecution. Kalulu v. Bondi, 128 F.4th 1009, 1015 (9th Cir. 2024); see Sharma v. Garland, 9 F.4th 1052, 1060–61 (9th

Cir. 2021) (noting that persecution is an "extreme concept" that requires an inquiry that is "heavily fact-dependent" (citations omitted)).

3. The BIA correctly held that Petitioner did not argue to the BIA that the IJ erred in determining that she suffered past persecution by an apparent gang member. Petitioner's brief to the BIA mentioned the incidents with the gang member in the background section only. Nowhere in the brief did Petitioner argue that those incidents amounted to past persecution; to the contrary, she argued that she suffered past persecution by her father only. With respect to her fear of persecution by gang members because of her feminist views, she argued only that she has a "well-founded fear of future persecution." (Emphasis added.) See Abebe v. Mukasey, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) ("[W]hen a petitioner does file a brief [to the BIA], the BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting to have reviewed. Petitioner will therefore be deemed to have exhausted only those issues he raised and argued in his brief before the BIA."). For the same reasons, Petitioner likewise failed to exhaust her argument that the BIA failed to consider past harm, in the aggregate, by both her father and the apparent gang member.

4. Substantial evidence supports the BIA's determination that Petitioner lacks a well-founded fear of future persecution. Petitioner's father stopped drinking several years before the merits hearing, and the apparent gang member

did not know Petitioner's name and has not sought to find her since she left El Salvador. Although country conditions for Salvadoran women with Petitioner's views may suggest a generalized risk of harm, the BIA permissibly concluded that Petitioner has not shown an individualized risk of harm, and the record does not compel the conclusion that Petitioner has shown an objectively reasonable fear of future persecution. See Kotasz v. INS, 31 F.3d 847, 853–54 (9th Cir. 1994) (discussing the relationship between generalized country conditions and evidence of individualized risk of harm); see also Lolong v. Gonzales, 484 F.3d 1173, 1179–81 (9th Cir. 2007) (upholding, in circumstances similar to those present here, the agency's conclusion that the petitioner failed to show a well-founded fear of future persecution).

5. Because the BIA affirmed the IJ's denial of Petitioner's application on the independently dispositive grounds that Petitioner did not establish past persecution or a well-founded fear of future persecution, the BIA did not err in declining to reach the cognizability of Petitioner's particular social group. See Gonzalez-Veliz v. Garland, 996 F.3d 942, 949 (9th Cir. 2021).

6. Substantial evidence supports the agency's denial of CAT relief. The record does not compel the conclusion that, more likely than not, Petitioner will be tortured if removed to El Salvador. 8 C.F.R. § 1208.16(c)(2).

**PETITION DENIED.**